IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS ANTONIO TAYLOR, | § | |
| TDCJ No. 2082883, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:17-cv-1153-N-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The Court entered judgment dismissing Petitioner Demarcus Antonio Taylor's application for a writ of habeas corpus under 28 U.S.C. § 2254 with prejudice, concluding that three of his four claims were procedurally barred and that one was without merit. *See Taylor v. Dir., TDCJ-CID*, No. 3:17-cv-1153-N-BN, 2020 WL 6551271 (N.D. Tex. Sept. 3, 2020), *rec. accepted*, 2020 WL 6545981 (N.D. Tex. Nov. 6, 2020), *C.O.A. denied*, No. 20-11192 (5th Cir. Dec. 9, 2021).

Taylor now returns to the district court to request that the judgment be vacated under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3), arguing that Respondent perpetrated a fraud on the Court by arguing that Taylor's Section 2254 claim based on the sufficiency of the evidence was procedurally barred and that therefore extraordinary circumstances exist. *See* Dkt. No. 38.

This case remains referred to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. And the undersigned enters these findings of fact,

conclusions of law, and recommendation that the Court should deny the motion.

## Legal Standards

Although Rule 60(b) provides for relief from a final judgment or order, "a Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" *Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) (cleaned up; quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). Even so, "there are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez*, 545 U.S. at 532); *see also Jackson v. Lumpkin*, ___ F.4th ___, No. 20-20516, 2022 WL 354439 (5th Cir. Feb. 7, 2022).

> Rule 60(d)(3) authorizes a court to "set aside a judgment for fraud on the court" at any time. Rule 60(d)(3) addresses only fraud *on the federal habeas court*, not fraud on the state courts, the parties, or their relatives. *See Fierro v. Johnson*, 197 F.3d 147, 153-54 (5th Cir. 1999). The standard for "fraud on the court" is demanding. *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009).
>> "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978) (citations omitted). Fraud under Rule 60(d)(3) "embrace[s] ... the species of fraud which does or attempts to[ ] defile the court itself." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872

> (5th Cir. 1989) (quotation omitted).
> *Id.* Fraud on the court also includes "a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quotations omitted). It "requires a showing of an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Id.* (quotation omitted). Courts should grant relief for fraud on the court to protect "the integrity of the courts," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991), and to "fulfill a universally recognized need for correcting injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence" to the finality of a judgment. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944).

*Preyor v. Davis*, 704 F. App'x 331, 340-41 (5th Cir. 2017) (per curiam).

And, while "Rule 60(b) vests wide discretion in courts, ... relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.'" *Buck v. Davis*, 137 S. Ct. 759, 777 (2017) (quoting *Gonzalez*, 545 U.S. at 535); *accord Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019); *see also U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any ... reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule. Relief under this section, however, is appropriate only in an 'extraordinary situation' or 'if extraordinary circumstances are present.'" (footnotes omitted)))). Further, "in the context of habeas law, comity and federalism elevate the concerns of finality, rendering the 60(b)(6) bar even more daunting." *Haynes v. Davis*, 733 F. App'x 766, 769 (5th Cir. 2018) (quoting *Diaz v. Stephens*, 731 F.3d 370, 376 n.1 (5th Cir. 2013)).

## Analysis

Taylor has not shown that Respondent perpetrated a fraud on this Court

during the federal habeas proceeding and therefore also has not shown that extraordinary circumstances are present.

Stepping back to the Court's denial of the applicable habeas claim, the Court recounted that "the state habeas court found that '[c]hallenges to the sufficiency of the evidence are not cognizable in post-conviction habeas proceedings.'" *Taylor*, 2020 WL 6551271, at *5 (quoting Dkt. No. 12-1 at 6 (citing, in turn, *Ex parte Grigsby*, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004)); citing *Bessire v. Quarterman*, No. 4:07-cv-597-Y, 2009 WL 54257, at *2 (N.D. Tex. Jan. 8, 2009) ("Under Texas law, while an allegation of 'no' evidence is cognizable in a state habeas proceeding, a sufficiency-of-the-evidence claim may only be raised on direct appeal and may not be raised in a state habeas proceeding." (citing *West v. Johnson*, 92 F.3d 1385, 1389 n.18 (5th Cir. 1996); *Grigsby*, 137 S.W.3d at 674; *Clark v. Texas*, 788 F.2d 309, 310 (5th Cir. 1986); *Ex parte McLain*, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994)))).

The Court then observed that the state court was correct that

> Taylor did not raise this issue on direct appeal. And, where a habeas petitioner first "challenges the sufficiency of the evidence in a state habeas application, and [the Texas Court of Criminal Appeals (the CCA)] subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because the claim is not cognizable." *Vaughn v. Stephens*, No. 4:14-cv-218-Y, 2015 WL 3504941, at *2 (N.D. Tex. June 3, 2015) (citing *Grigsby*, 137 S.W.3d at 674). "Under these circumstances, reliance on the procedural default by the state court is established and presents an adequate state procedural ground barring federal habeas review." *Id.* (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 801-07 (1991)).
> And Taylor, again as to this ground, has neither demonstrated cause and actual prejudice nor asserted the fundamental-miscarriage-of-justice exception.

*Taylor*, 2020 WL 6551271, at *5-*6.

Taylor now asserts that Respondent perpetrated a fraud on the Court by arguing that his sufficiency-of-the-evidence claim was procedurally barred because he located a 2006 unpublished decision of the CCA that he contends is evidence that Texas courts do indeed consider such claims outside of direct appeals. *See* Dkt. No. 38 at 2-3, 6-7. In the decision that Taylor provides the Court the CCA explained:

> This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, TEX. CODE CRIM. PROC. Applicant was convicted of aggravated assault on a public servant and punishment was assessed at imprisonment for five years. No appeal was taken from this conviction.
> Applicant contends that his plea was involuntary, his counsel was ineffective, and the evidence was insufficient because there was no allegation or proof that he used a deadly weapon. The trial court has entered findings that Applicant was convicted pursuant to an agreement that he plead guilty to a third degree felony, and the information alleged that he threatened a public servant. <u>There was no allegation or proof that Applicant used a deadly weapon or caused serious bodily injury.</u> These facts reflect that Applicant was convicted of assault on a public servant pursuant to Penal Code § 22.01(b)(1), and not of aggravated assault on a public servant pursuant to Penal Code § 22.02(b)(1).
> Relief is granted. The judgment in Cause No. 04-01-0001A-CR in the 97th Judicial District Court of Archer County is reformed to reflect that Applicant was convicted of assault on a public servant.

Dkt. No. 6-7 (emphasis added); *see also Ex parte Anderson*, No. AP-75,509, 2006 WL 2694705 (Tex. Crim. App. Sept. 20, 2006) (per curiam).

As the language highlighted above indicates, in *Anderson*, the CCA considered a claim of no evidence on habeas review, not a claim that there was insufficient evidence. And, as the Court explained to Taylor, a claim of no evidence – unlike his claim of insufficient evidence – is cognizable on habeas review. So, because his argument here fails, he cannot carry the much higher burden to show that a fraud on the Court and/or extraordinary circumstances require that the judgment be vacated.

## Recommendation

The Court should deny Petitioner Demarcus Antonio Taylor's motion to vacate the judgment under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) [Dkt. No. 38] but should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 11, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE