IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEMARCUS ANTONIO TAYLOR, <br> TDCJ No. 2082883, | § <br> § <br> § | |
| Petitioner, | § <br> § | |
| V. | § | No. 3:17-cv-1153-N |
| DIRECTOR, TDCJ-CID, | § <br> § <br> § | |
| Respondent. | § | |

## ORDER

As to Petitioner Demarcus Antonio Taylor's motion to vacate the judgment under Federal Rules of Civil Procedure 60(b)(6) and 60(d)(3) [Dkt. No. 38] (the Motion), the United States Magistrate Judge made findings, conclusions, and a recommendation. Objections were filed. The District Court reviewed *de novo* those portions of the proposed findings, conclusions, and recommendation to which objection was made, and reviewed the remaining proposed findings, conclusions, and recommendation for plain error. Finding no error, the Court ACCEPTS the Findings, Conclusions, and Recommendation of the United States Magistrate Judge. Accordingly, the Motion is DENIED.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court DENIES a certificate of appealability as to its denial of the Motion. The Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation filed in this case in support of

its finding that Petitioner has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" or "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

But, insofar as Petitioner does appeal the denial of the Motion, the Court prospectively DENIES Petitioner leave to appeal *in forma pauperis* (IFP) and CERTIFIES, under 28 U.S.C. § 1915(a)(3), and as fully explained in the applicable findings, conclusions, and recommendation that any appeal would not be taken in good faith.

Petitioner may challenge this finding under *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a motion to proceed IFP on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit, within 30 days of this order. *See, e.g.*, *Dobbins v. Davis*, 764 F. App'x 433, 434 (5th Cir. 2019) (per curiam) (applying *Baugh* to state prisoner's appeal in federal habeas action).

The Court further DIRECTS the Clerk of Court to, solely for statistical purposes, REOPEN and then CLOSE this case based on this order.

SO ORDERED this 21st day of March, 2022.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE